UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

Case No.: 2:09-CR-168
(DLI)

- against -

ROMANO, et at.,

Defendant.
------------------------------------------------------------------------------X

**VERIFIED PETITION FOR HEARING TO ADJUDICATE THIRD-PARTY CLAIM OF
KAREN KEARNEY WITH RESPECT TO
8 VALERIE PLACE, EAST ISLIP, NEW YORK 11730**

Non-party Karen Kearney, by counsel, Campanelli & Associates, P.C., hereby petitions this Honorable Court under 21 U.S.C. §853(n)(2), for a hearing to adjudicate the validity of her right, title, and interest asserted herein with respect to the family residence located at 8 Valerie Place, East Islip, New York 11730 (hereinafter the "Property of the Family Home").

Although this residence was subject to the Final Order of Forfeiture ("FOF") dated March 10, 2014, the FOF was, upon information and belief, vacated by the United States Court of Appeals for the Second Circuit on or about July 27, 2015. The Court of Appeals remanded this matter for the district court to give *de novo* consideration to the magistrate judge's recommendations for restitution and forfeiture, including Defendant William Kearney's challenge with respect to the Property. A decision dated April 29, 2021 was rendered by United States District Court Judge Dora L. Irizarry, which held that "[f]or the reasons set below, upon review of the R&Rs *de novo* with respect to Defendants' objections and the remainder of the R&Rs for clear error, the objections are overruled and, not finding any clear error, both R&Rs are adopted in their entirety."

This application has been previously submitted but was ultimately deemed premature by this Court. Now that a final determination regarding the FOF has been entered, Ms. Kearney is

again petitioning this Honorable Court pursuant to 21 U.S.C. §853(n)(2) for a hearing to adjudicate the validity of her interest in the Family Home.

## I.    The Nature and Extent of Petitioners' Right, Title or Interest in the Property

1.    Karen Kearney and Defendant William Kearney acquired 8 Valerie Place, East Islip, New York 11703 (hereinafter the "Property" or the "Family Home") by Bargain and Sale deed to "William Kearney and Karen Kearney as husband and wife" i.e. "tenants by the entirety." (A copy of the deed is annexed hereto as **Exhibit "A"**).

2.    Accordingly, Ms. Kearney owned 100% of the property, as did her husband, William Kearney, and in the event that her husband died before she did, Ms. Kearney would own the property free and clear of any encumbrances that may have been caused by Mr. Kearney.

3.    However, subsequent to purchasing the family home, Ms. Kearney and William Kearney's marriage irretrievably broke down and they are now legally divorced. (A copy of their divorce decree is annexed hereto as **Exhibit "B"**).

4.    "Where a husband and wife own real estate as tenants by the entirety and are divorced, they hold the property as tenants in common." Egan v. Sweeney, 270 N.Y.S.2d 56, 58–59 (Sup. Ct.), aff'd, 27 A.D.2d 644, 276 N.Y.S.2d 844 (1966). See also Yax v. Yax, 240 N.Y. 590, 148 N.E. 717; Albin v. Albin, 208 N.Y.S.2d 252.

5.    "When the marital status is broken by divorce the tenancy is severed and the parties become tenants in common of the property." Hosford v. Hosford, 80 N.Y.S.2d 306, 308 (App. Div. 1948). "[i]n the absence of any evidence to the contrary the shares of the two tenants in common are presumed to be equal." Id quoting Yax v. Yax, 213 N.Y.S. 4, 5, aff'd, 217 App.Div. 714, 215 N.Y.S. 941.

6.    "New York recognizes a presumption that when two or more persons own property as tenants in common, they hold equal shares of that property." Woods v. Acampora, No. 08 CIV. 4854 (PKC), 2009 WL 1835881, at *3 (S.D.N.Y. June 24, 2009) See also Clarke v. Clarke, 75 A.D.2d 836, 836, 427 N.Y.S.2d 871 (2d Dep't 1980) (upholding the equal division of proceeds from the sale of a property held by the parties as tenants in common); Secrist v. Secrist, 284 A.D. 331, 333–34, 132 N.Y.S.2d 412 (4th Dep't 1954) (granting equal shares to husband and wife who held proceeds of sale as tenants in common even though husband purchased the property).

7.    Accordingly, Ms. Kearney and William Kearney now each own one half interest in the Family Home.

## II.    The Time and Circumstances of Petitioner's acquisition of the Right, Title, or Interest in the Property

8.    On or about November 14, 2003, Karen Kearney and Defendant William Kearney acquired 8 Valerie Place, East Islip, New York 11703 (hereinafter the "Property" or the "Family Home") by Bargain and Sale deed to "William Kearney and Karen Kearney as husband and wife" i.e. "tenants by the entirety."   (A copy of the deed is annexed hereto as **Exhibit "A"**).

9.    The home was purchased for the sum of $560,000.00, which was paid for with proceeds from the sale of their prior residence, 1305 North Windsor Avenue, Bay Shore, New York, assistance from Defendant William Kearney's family, and by securing a mortgage in the amount of $200,000.00.

10.    The Family Home is Ms. Kearney's primary residence and, since her husband's arrest and subsequent incarceration, she has been solely responsible for the mortgage, utilities, taxes, and upkeep and maintenance of the home.   She also resides in the Family Home with the couple's children.

11.     Ms. Kearney, however, can no longer afford to keep and maintain the Property on her own.   She wishes to be able to sell the Property, but due to this proceeding and the uncertainty surrounding the forfeiture of the Property, Ms. Kearney has been forced to retain the Property, despite the financial burden it has caused and continues to cause.

12.     Further, without proceeds from the Family Home, Ms. Kearney cannot afford to purchase another home for her and her children to reside in.

III.    **Additional Facts Supporting the Petitioner's Claim**

13.     As stated above, the Court of Appeals remanded this matter for the district court to give *de novo* consideration to the magistrate judge's recommendations for restitution and forfeiture, including Defendant William Kearney's challenge with respect to the Property.

14.     Regarding such review, a final determination has been rendered by U.S. District Court Judge, Dora L. Irizarry on April 21, 2021. (A copy of the April 21, 2021 Memorandum and Order adopting reports and recommendations is annexed hereto as **Exhibit "C"**).

15.     Detailed within Judge Irizarry's April 21, 2021 Memorandum and Order in states on page 13 that "[t]o the extent that Kearney's wife wishes to assert an interest in the real property, she can do so later in an ancillary hearing."

11.     Prior to the issuance of Judge Irizarry's Memorandum and Order, in or about 2018, our office and Assistant U.S. Attorney, Diane C. Leonardo-Beckmann entered into a tentative agreement regarding the Family Home in which the residence would be sold and the proceeds divided pursuant to an agreement between Ms. Kearney and the U.S. Attorney's office.

16.     In accord with such agreement, Ms. Kearney permitted a representative from the U.S. Attorney's office to examine and appraise the Property. A copy of such appraisal was received

by our office on or about October 25, 2018.

17.     Subsequent to such agreement and appraisal, Ms. Kearney placed the Property on the market with a real estate agent and began receiving offers on the Property. Ms. Kearney did not however enter into any final sales contracts because she was awaiting a stipulation from the U.S. Attorney's office. The agent even attempted to slow the process as much as she could while waiting on the stipulation from the Government.

18.     Our office was in relatively frequent communication with Assistant U.S. Attorney Leonardo-Beckmann up until the date that the representative from the U.S. Attorney's office examined and appraised the Property. Since then we have heard nothing from the U.S. Attorney's office.

19.     On January 23, 2019 our office reached out to Assistant U.S. Attorney Leonardo-Beckmann via email and first class mail, expressing Ms. Kearney's eagerness to resolve this matter and the government's position that a petition may be deemed as premature. (A copy of the January 23, 2019 letter and email are annexed hereto as **Exhibit "D"**).

20.     On September 2, 2020 our office reached out to Assistant U.S. Attorney Leonardo-Beckmann via email and first class mail. (A copy of the September 2, 2020 letter is annexed hereto as **Exhibit "E"**). To date our office still has not been able to reach Assistant U.S. Attorney Leonardo-Beckmann regarding this matter nor has our office received a stipulation from the U.S. Attorney's office.

21.     "The plain language of the statute does not expressly preclude partial forfeitures; it provides that anyone convicted of certain offenses 'shall forfeit to the United States ... any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation,'" Pacheco v. Serendensky, 393 F.3d 348, 354 (2d Cir. 2004) *quoting* 21 U.S.C.

§ 853(a) & (1). "The statute further defines 'property' to include 'real property, including things growing on, affixed to, and found in land,'" Id *quoting* 21 U.S.C § 853(b)(2).

22.     The Court in Pacheco, agreed and states that "we agree with those courts that have suggested that the criminal forfeiture statute, 21 U.S.C. § 853, permits partial forfeitures of real property." Id at 355. *See also* United States v. Rodriguez-Perez, No. S38 10 CR 905-LTS, 2019 WL 188400, at *5 (S.D.N.Y. Jan. 11, 2019); Pacheco v. Serendensky, 393 F.3d 348, 354-55 (2d Cir. 2004) (resolving any ambiguity as to whether the property to be forfeited included the entire parcel or merely a defendant's interest therein so as to permit the partial forfeiture of real property, in part, to avoid deciding whether allowing a criminal defendant to forfeit the entire fee simple interest would deprive the successor of an innocent joint tenant (by foreclosure) of her property rights would constitute an unconstitutional taking).

23.     The Court in Pacheco further notes that "[a]lthough partial forfeitures may occasionally make for strange bedfellows—such as making the government co-owners of real property with the spouse of a criminal defendant—the alternative could give the government an undeserved windfall and deny an innocent third party her valid property interest." Id.

24.     As Ms. Kearney legally owns half of the Property at issue in this matter the Court should find in favor of Ms. Kearney and pursuant to 21 U.S.C. § 853(n)(6)(A) and grant Ms. Kearney permission to sell the Family Home and retain her portion of the profits.

## IV.     **Relief Sought**

25.     Ms. Kearney requests that the Court hold a hearing to adjudicate the validity of her claims of legal right, title and interests with respect to the Family Home located at 8 Valerie Place, East Islip, New York 11730, and determine that Ms. Kearney has established the grounds for having a vested legal right to the Property pursuant to 21 U.S.C. § 853(n)(6)(A). The Court should,

therefore, amend the Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(6) in accordance

with its determination in favor of Ms. Kearney.


Dated:          Merrick, New York
                May 10, 2021

                              Respectfully Submitted,

                              Campanelli & Associates, P.C.

                              By: _____/S_____
                                    Andrew J. Campanelli
                                    Attorneys for Plaintiffs
                                    1757 Merrick Avenue, Suite 204
                                    Merrick, New York 11566
                                    (516) 746-1600

# VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )


Karen Kearney, being duly sworn, deposes and says:

That I am the petitioner in the within action and I have read the foregoing Petition and know the

contents thereof; the same are true to my own knowledge, except as to those matters said to be

upon information and belief, and as to those matters, I believe them to be true.


_____
Karen Kearney


Sworn to before me on this
_____ day of May 2021


_____
Notary Public


KAITLIN M. KENNEDY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KE6400454
Qualified in Suffolk County
Commission Expires November 18, 2023