JHK:DCL
F. #2009R00619

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

WILLIAM KEARNEY,

           Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF FORFEITURE

09-CR-168 (S-2)(DLI)(VMS)

WHEREAS, on or about June 13, 2011, William Kearney (the "defendant" or "Kearney"), was convicted after a jury trial of the offenses charged in Counts One and Two of the above-captioned Second Superseding Indictment, charging mail and wire fraud conspiracy in violation 18 U.S.C. § 1349; and money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1956 (a)(1)(A), 1957 (b), 1957 (d)(1);

WHEREAS, after briefings on the amount of the forfeiture money judgment and the forfeiture of specific assets (Docket Entries ("DE") 355, 356, 357, 358), oral argument on May 8, 2013, and subsequent briefings  (DE 362, 363), Magistrate Judge Vera M. Scanlon issued a report and recommendation (DE 373) recommending that, pursuant to 18 U.S.C. § 982(a)(2) and § 982(a)(1), the defendant must forfeit the amount of thirty-two million two hundred twenty thousand six hundred seventeen dollars and zero cents ($32,220,617.00) (the "Forfeiture Money Judgment"), as well as all of his right, title, and interest in:

(a) all of his right, title, and interest in real property located at 8 Valerie Place, East Islip, New York, and all proceeds traceable thereto;

(b) all right, title, and interest in Astoria Federal Savings Bank account numbers 8310085512, 9000207905 and 9000342915 in the name of Karen Kearney, and all proceeds traceable thereto;

(c) all right, title, and interest in Citibank account numbers 66435322 and 66435154 in the name of William Kearney, and all proceeds traceable thereto;

(d) all right, title, and interest in Fidelity Investments account number X26361585 in the name of William Kearney, and all proceeds traceable thereto;

(e) all right, title, and interest in JP Morgan Chase account number 757968672 in the name of Northeast Gold and Silver, and all proceeds traceable thereto;

(f) all right, title, and interest in JP Morgan Chase account numbers 8235012873-65 and 8235012873-66 in the name of Atlantic Coin Galleries, and all proceeds traceable thereto;

(g) all right, title, and interest in JP Morgan Chase account numbers PXS-616192 and 737707158 in the name of William Kearney, and all proceeds traceable thereto;

(h) all right, title, and interest in ING Direct account number 35543264 in the name of William Kearney, and all proceeds traceable thereto;

(i) all right, title, and interest in Smith Barney account number 42F-2702C-12 in the name of William Kearney and Camille R. Kearney, and all proceeds traceable thereto;

(j) all right, title, and interest in Wachovia Securities account numbers 6395-0113, 4671-2430 and 4671-2458 in the name of William Kearney, and all proceeds traceable thereto; and

*United States v. William Kearney*, 09-CR-168 (S-2)(DLI)(VMS)
Preliminary Order of Forfeiture

Page 2

(k) all right, title, and interest in HSBC account number 976208547 in the name of William Kearney, and all proceeds traceable thereto (collectively, the "Seized Assets"),

as: (a) property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of the defendant's violations of 18 U.S.C. §1349; (b) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

WHEREAS, on April 29, 2021, the District Court, after conducting a *de novo* review of the report and recommendation issued by Magistrate Judge Scanlon (DE 373) adopted the report in its entirety (DE 556).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2), 982(b)(1) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Seized Assets. The forfeiture of the Seized Assets shall not be credited towards the Forfeiture Money Judgment.

2. Kearney shall be jointly and severally liable with co-defendant Michael Romano for the full amount of the Forfeiture Money Judgment.

3. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States

*United States v. William Kearney*, 09-CR-168 (S-2)(DLI)(VMS)
Preliminary Order of Forfeiture

Attorney Diane C. Leonardo, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.  The Forfeiture Money Judgment shall become due and owing in full upon the sentencing of the defendant (the "Due Date").  If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest shall accrue from the Due Date on any unpaid portion thereof at the judgment rate of interest.

4.    Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Seized Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

5.    The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

6.    Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed

*United States v. William Kearney*, 09-CR-168 (S-2)(DLI)(VMS)
Preliminary Order of Forfeiture

in response to the notice of forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7.    The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets or any property against which the United States seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States.  If the Seized Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction.  If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders

*United States v. William Kearney*, 09-CR-168 (S-2)(DLI)(VMS)
Preliminary Order of Forfeiture

of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.    The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10.    The forfeiture of the Seized Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due and shall survive bankruptcy.

11.    This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.    This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.    The Court shall retain jurisdiction over this action to enforce

*United States v. William Kearney*, 09-CR-168 (S-2)(DLI)(VMS)
Preliminary Order of Forfeiture

compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant

to Fed. R. Crim. P. 32.2(e).

Dated:  Brooklyn, New York
        May 27, 2021

                                SO ORDERED:

                                 S/ Dora L. Irizarry

                                HONORABLE DORA L. IRIZARRY
                                UNITED STATES DISTRICT JUDGE
                                EASTERN DISTRICT OF NEW YORK