

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JHK:DCL

*610 Federal Plaza*
*Central Islip, New York 11722*

June 10, 2021

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Michael Romano and William Kearney</u>
              Criminal Docket No. 09-168 (S-2)(DLI)(VMS)

Dear Judge Irizarry:

In accordance with Your Honor's May 20, 2021order, the government respectfully submits this letter in response to Claimant Karen Kearney's ("Claimant") verified petition and request for an ancillary hearing (the "Petition"). Docket Entry ("DE") 568. On May 27, 2021, Your Honor entered a Preliminary Order of Forfeiture ("POF") forfeiting defendant William Kearney's ("defendant") interest in various assets. DE 575. In relevant part, the Court ordered the forfeiture of defendant's interest in the residence at 8 Valerie Place, West Islip, New York ("8 Valerie Place"). Claimant's Petition, asserting that she has a right to one-half interest of 8 Valerie Place, is flawed and misconstrues and/or misunderstands the forfeiture process. For the reasons discussed below, the government respectfully requests that the Court consider this letter a request for a pre-motion conference to set a briefing schedule for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).[1]

Claimant asserts that her interest in 8 Valerie Place arises pursuant to 21 U.S.C. 853 (n)(6)(A). <u>See</u> DE 568, Petition at ¶¶ 24, 25. Pursuant to Section 853(n)(6)(A), Claimant would have to prove that she acquired her alleged interest in 8 Valerie Place prior to the commission of the defendant's crimes. The indictment in this case alleges that the criminal conduct occurred on or about and between January 1990 and November 2008. <u>See</u> DE 168, Second Superseding

---

[1] The government is aware that the Court's individual rules limit pre-motion conference requests to three pages and therefore respectfully requests leave, *nunc pro tunc*, to exceed the page limitation. The reason for the excess pages is that the government was initially ordered to address the allegations in Claimant's petition and in doing so, provided the Court with the statutory background and relevant forfeiture statutes necessary to respond to the deficiencies in the petition while also requesting a pre-motion conference.

1

Indictment at ¶¶ 11, 18.  Claimant, alleging that 8 Valerie Place was purchased in 2005, therefore cannot prove her claim under Section 853(n)(6)(A) and the petition should be dismissed.

     I.     <u>Statutory Framework</u>

The post-trial ancillary proceeding affords a claimant an opportunity to establish their legal right, title or interest in criminally forfeited property.  <u>See</u> 21 U.S.C. § 853(n); Fed R. Crim. P. 32.2(c).  Section 853(k) ensures an orderly process by establishing Section 853(n) as the exclusive procedure for determining third party rights in criminal forfeiture cases, and expressly barring third parties from contesting the forfeiture in any other forum.  <u>See</u> <u>DSI Assocs. LLC v. United States</u>, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," and § 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets–after the order of forfeiture has been entered"); <u>De Almeida v. United States</u>, 459 F.3d 377, 381 (2d Cir. 2006) (Section 853(k) makes it clear that the third party must wait until ancillary proceeding to assert his rights).  In order to trigger the commencement of a third-party ancillary proceeding, the government must first publish notice of the forfeiture order and send notice to potential claimants.  Fed. R. Crim. P. 32.2(b)(6)(A); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under [21 U.S.C. § 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").[2]

A petition must set forth all legal bases for interests claimed in property subject to forfeiture.  21 U.S.C. § 853(n)(3); <u>see</u> <u>also</u> <u>United States v. BCCI Holdings (Lux.), S.A.,</u> 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (collecting cases in which petitions filed under Section 1963(l) were dismissed for failure to identify nature of interest claimed).  All grounds for recovery must be set forth within the petition, and a claimant may not later amend the petition to assert additional grounds for relief.  <u>See, e.g.</u>, <u>United States v. Soreide,</u> 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); <u>United States v. Strube</u>, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss).  A petition will therefore succeed or fail in its original and unamended form.

The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.  <u>See, e.g.</u>, <u>Pacheco v. Serendensky</u>, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding).  The government is entitled to challenge Claimant's petition and standing and to conduct discovery.  Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss Claimant's petition "for lack of standing, for failure to state a claim, or for any other lawful reason."  In the event that Claimant's petition survives such a motion(s), if any, the government is entitled pursuant to

---

[2] The government notes that notice of the forfeiture was published on May 28, 2021 and the time period for third parties to assert an interest in the forfeited property has not yet expired.

Fed. R. Crim. P. 32.2(c)(1)(B) to conduct discovery that "is necessary or desirable to resolve factual issues."

In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2). United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997); see also United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof) (citation and internal quotation marks omitted); United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (citation omitted).

Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met her burden of showing that her legal interest is a "superior interest" as compared to the government's interest at the time of the acts giving rise to forfeiture. Pacheco, 393 F.3d at 351 ("burden ultimately on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in the § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); Timley, 507 F.3d at 1130, n.2 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6)); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The petitioner bears the burden of proving his right, title, or interest under Section 853(n)(6).").

In order to show a superior legal interest, a claimant must either demonstrate under Section 853(n)(6)(A) that she had priority of ownership over the forfeited property *at the time of the offense*, or must demonstrate under Section 853(n)(6)(B) that she subsequently acquired the property as a bona fide purchaser for value without cause to believe the property was subject to forfeiture. Ribadeniera, 105 F.3d at 834-35. In addition, under the relation back doctrine, the government's exclusive interest in forfeited property "vests in the United States *upon the commission of the act* giving rise to forfeiture." 21 U.S.C. § 853(c) (emphasis added); Nava, 404 F.3d at 1124 ("The title to the forfeited property vests in the United States at the time the defendant commits the unlawful acts . . . .").

II.    Claimant's Petition

Claimant's petition merely states, in a conclusory manner, that 8 Valerie Place "was purchased for $560,000, which was paid for with the proceeds from the sale of [the Kearney's] prior residence, 1305 North Windsor Avenue, Bay Shore, New York, [with] assistance from Defendant William Kearney's family, and by securing a mortgage in the amount $200,000.00."

3

See DE 568 Petition at ¶ 9.[3]  Claimant asserts that she has an interest in 8 Valerie Place by virtue of New York State law.  See Id. at ¶¶ 1-7.  She is mistaken.

First, while state law may establish that Claimant has standing as required under 21 U.S.C. § 853 (n), she still must show that she had priority of ownership over the forfeited property at the time the defendant committed the offense under Section 853 (n)(6)(A), the provision under which she has alleged an interest.  See United States v. Petters, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (establishing a legal interest under § 853(n)(2) is only half the battle; claimant must still show he can prevail on the merits under § 853(n)(6)(A) or (B)); United States v. Speed Joyeros, S.A., 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006) (state law determines what interest claimant has; "the effect of that property interest—i.e., whether it satisfies the requirements of the federal forfeiture statute—is necessarily a matter of federal law"); United States v. Davis, No. 00 Civ. 8296 SHS, 2001 WL 47003, *2 (S.D.N.Y. Jan. 17, 2001) (wife's interest in seized property defined by state law, but federal law will determine if that property interest is sufficient to void forfeiture).

First, Claimant is unable to succeed on a claim under Section 853 (n)(6)(A).  See United States v. Watts, 786 F.3d 152, 166 (2d Cir. 2015) ("Subsection 853(n)(6)(A) works hand in hand with the relation-back doctrine embodied in § 853(c), which provides that all property subject to forfeiture based on a criminal offense vests in the United States upon the commission of the [offense].  See 21 U.S.C. § 853(c).  Because forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property *before* the underlying crime was committed—that is, before the government's interest vested." (internal citations and quotations omitted).

Second, the Petition, in a conclusory fashion, alleges that 8 Valerie Place was acquired through a combination of proceeds from prior residence, assistance from the defendant's family and a mortgage.  See DE 568 Petition at ¶ 9.  This allegation does not meet the detailed pleading requirements set forth in 21 U.S.C. § 853(n)(3).  See United States v. Preston, 123 F. Supp. 3d 117, 125 (D.D.C. 2015) (dismissing petition and holding that "[e]ven if the [p]etition could be construed as asserting a legal interest in the [property] sufficient to establish statutory standing, it . . . fail[ed] to satisfy the more detailed pleading requirements of Section 853(n)(3)"); see United States v. Swartz, 391 F. Supp. 3d 199, 213 (N.D.N.Y. 2019) (dismissing petition that "merely set[] forth two occasions on which another entity . . . issued promissory notes to the petitioner" for "fail[ing] to set forth the 'time and circumstances' of [the petitioner's] 'acquisition of the right, title or interest' in the [claimed property]").

Third, and assuming arguendo, that Claimant's petition survives a motion to dismiss, and prior to a hearing being conducted as requested by Claimant, the government is entitled to challenge Claimant's petition and to conduct discovery.  Fed. R. Crim. P. 32.2(c)(1)(B) provides for discovery that "is necessary or desirable to resolve factual issues."  Discovery is especially

---

[3] To the extent Claimant alleges that there were discussions with the government regarding a possible sale of 8 Valerie Place, those discussions also included a request from the government that Claimant provide proof to substantiate her claim.

relevant here, where on the face of Claimant's petition, she has not identified with any specificity the source or the amount of the funds used to purchase 8 Valerie Place.

Finally, to the extent Claimant claims that she cannot afford to pay the expenses at 8 Valerie Place (see DE 568 at ¶ 11), the government respectfully submits that Court may order an interlocutory sale of the premises with the proceeds of the sale to be deposited into an interest-bearing account under the custody and control of the U.S. Marshals Service pending the resolution of the ancillary proceeding.  See Fed. R. Crim. P. 32.2 (b)(7)("At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure ["Rule G(7)"], may order the interlocutory sale of property alleged to be forfeitable.").

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:    /s/ Diane C. Leonardo
       Diane C. Leonardo
       Assistant U.S. Attorney
       (631) 715-7854

cc:  Andrew Campanelli, Attorney for Claimant
     Michael Romano
     William Kearney

5