UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -                                                CR 09-0168 (S-2)(DLI)

WILLIAM KEARNEY

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE ANCILLARY
<u>PETITION FILED BY CLAIMANT KAREN KEARNEY</u>**

JACQUELYN M. KASULIS
UNITED STATES ATTORNEY
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Diane C. Leonardo
Assistant United States Attorney,
     Of counsel

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................ii-iv

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT BACKGROUND ................................................................................................2

STATUTORY FRAMEWORK................................................................................................2

STANDARD OF REVIEW .....................................................................................................6

ARGUMENT...........................................................................................................................7

      POINT I      CLAIMANT FAILED TO ASSERT AN INTEREST IN 8 VALERIE PLACE THAT IS SUPERIOR TO THE GOVERNMENT'S VESTED INTEREST IN THE PROPERTY ............................................................7

CONCLUSION.....................................................................................................................10

i

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................................6, 7

*Caplin & Drysdale v. United States*, 491 U.S. 617 (1989)...........................................................8

*De Almeida v. United States*, 459 F.3d 377 (2d Cir. 2006) ..........................................................3

*DSI Assocs. LLC v. United States*, 496 F.3d 175 (2d Cir. 2007) ..................................................3

*Nakahata v. New York Presbyterian HealthCare System*, 723 F.3d 192 (2d Cir. 2012)...............6

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,*
    595 F.3d 86 (2d Cir. 2010)....................................................................................................7

*Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004).......................................................4, 5, 6, 8

*Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236 (2d Cir. 2011) .......................................6

*United States v. Amiel*, 995 F.2d 367 (2d Cir. 1993) ...................................................................4

*United States v. BCCI Holdings (Lux.), S.A.,* 69 F. Supp. 2d 36 (D.D.C. 1999) ..........................3

*United States v. Daugerdas*, 892 F.3d 545 (2d Cir. 2018) ...........................................................8

*United States v. Davis*, No. 00 Civ. 8296 (SHS), 2001 WL 47003 (S.D.N.Y. Jan. 17, 2001) .......8

*United States v. Dupree*, 919 F. Supp. 2d 254 (E.D.N.Y. 2013) ..................................................6

*United States v. Eldick*, 223 Fed. Appx. 837(11th Cir. 2007) ...................................................8, 9

*United States v. Gordon*, 710 F.3d 1124, 1167-8 (10th Cir. 2013) ...............................................6

*United States v. Hooper,* 229 F.3d 818, 821-22 (9th Cir. 2000) ...................................................9

*United States v. Madoff*, No. 09 CR 213 DC, 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012) .........8

*United States v. Nava,* 404 F.3d 1119 (9th Cir. 2005) ..................................................................5

*United States v. Petters*, 857 F. Supp. 2d 841 (D. Minn. 2012) ...................................................7

*United States v. Porchay,* 533 F.3d 704, 709 (8th Cir. 2008) .........................................................5

*United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005) ................................................................5

*United States v. Ribadeniera*, 105 F.3d 833 (2d Cir. 1997).........................................................4, 5

*United States v. Romano*, 794 F. 3d 317 (2d Cir. 2015) ................................................................2

*United States v. Salti,* 579 F.3d 656 (6th Cir. 2009) ......................................................................4

*United States v. Soreide*, 461 F.3d 1351 (11th Cir. 2006) .............................................................3

*United States v. Speed Joyeros*, S.A., 410 F. Supp. 2d 121 (E.D.N.Y. 2006) ...............................7

*United States v. Strube,* 58 F. Supp. 2d 576 (M.D. Pa. 1999) ......................................................3

*United States v. Timley*, 507 F.3d 1125 (8th Cir. 2007) ..........................................................4, 5, 9

*United States v. Watts*, 786 F.3d 152 (2d Cir. 2015) ..............................................................6, 8, 9

*United States v. Warshak*, No. 09-3321, 2011 WL 2450991 (6th Cir. Mar. 30, 2011) .................9

## STATUTES

18 U.S.C. § 1349 .............................................................................................................. 2

18 U.S.C. §1956 (a)(1)(A) ................................................................................................ 2

18 U.S.C. § 1956(h) ..........................................................................................................2

18 U.S.C. § 1957(b) .......................................................................................................... 2

18 U.S.C. § 1957(d)(1) ......................................................................................................2

21 U.S.C. § 853(c) ...................................................................................................5, 8, 10

21 U.S.C. § 853(k) ...................................................................................................... 2, 3, 4

21 U.S.C. § 853(n) ................................................................................................. *passim*

21 U.S.C. § 853(n)(1) ....................................................................................................... 3

21 U.S.C. § 853(n)(2) ................................................................................................ 3, 4, 5, 7

iii

21 U.S.C. § 853(n)(6)(A) ........................................................................................... *passim*

21 U.S.C. § 853(n)(6)(B) ................................................................................................ 5, 7

21 U.S.C. § 853(n)(7) ........................................................................................................5

**RULES**

Federal Rules of Civil Procedure 12(b) .................................................................... 1, 6

Federal Rules of Criminal Procedure 32.2.................................................................. 1, 3

Federal Rules of Criminal Procedure 32.2(b)(6)(A) ..................................................... 3

Federal Rules of Criminal Procedure 32.2(c) ...........................................................2, 6

Federal Rules of Criminal Procedure 32.2(c)(1)(A) ..................................................4, 6

Federal Rules of Criminal Procedure 32.2(c)(1)(B) ......................................................4

## PRELIMINARY STATEMENT

The United States of America (the "United States" or the "government") respectfully submits this memorandum of law in support of its motion to dismiss the ancillary petition (the "petition") filed by Claimant Karen Kearney ("Claimant").  See Declaration of Diane C. Leonardo, dated August 5, 2021 ("Leonardo Dec."), Exhibit 1, Petition; Docket Entry ("DE") 568.

On May 27, 2021, a Preliminary Order of Forfeiture ("POF") was entered in the underlying criminal case forfeiting defendant William Kearney's ("defendant") interest in various assets and entering a forfeiture money judgment.  Leonardo Dec., Exhibit 2, POF; DE 575.  In relevant part, the POF ordered the forfeiture of defendant's interest in the residence at 8 Valerie Place, West Islip, New York ("8 Valerie Place").

In sum and substance, Claimant asserts that her interest in 8 Valerie Place arises pursuant to 21 U.S.C. § 853(n)(6)(A).  See Leonardo Dec., Exhibit 1, Petition at ¶¶ 24, 25; DE 568. Pursuant to Section 853(n)(6)(A), Claimant has to prove that she acquired her alleged interest in 8 Valerie Place prior to the commission of the defendant's crimes.  This she cannot do.  The indictment in this case alleges that the criminal conduct occurred on or about and between January 1990 and November 2008.  See Leonardo Dec., Exhibit 3, Second Superseding Indictment at ¶¶ 11, 18; DE 168.  Claimant, alleging that 8 Valerie Place was purchased in 2003, therefore cannot prove her claim under Section 853(n)(6)(A) and the petition should be dismissed pursuant to Fed. R. Civ. P. 12(b) and Fed R. Crim. P. 32.2.

**RELEVANT BACKGROUND**

Defendant was engaged in a wire and mail fraud conspiracy and a money laundering conspiracy to defraud customers through the purchase of fraudulently valued gold coins during the period of January 1990 through November 2008. See DE 168, 295. Defendant was convicted after a jury trial of both counts of the Second Superseding Indictment, charging mail and wire fraud conspiracy in violation 18 U.S.C. § 1349; and money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A), 1957(b), 1957(d)(1). See DE 168; DE 295. Defendant's conviction and sentence were subsequently affirmed. See United States v. Romano, 794 F. 3d 317 (2d Cir. 2015).

After briefings on the amount of the forfeiture money judgment and the forfeiture of specific assets (DE 355, 356, 357, 358), oral argument on May 8, 2013, and subsequent briefings (DE 362, 363), the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a report and recommendation recommending the forfeiture of, inter alia, defendant's right, title, and interest in 8 Valerie Place. DE 373. The report and recommendation was adopted by this Court (DE 556) and the POF, forfeiting defendant's right, title, and interest in 8 Valerie Place, was so-ordered. DE 575. Claimant filed a third party petition asserting her interest in 8 Valerie Place. DE 568.

**STATUTORY FRAMEWORK**

The post-trial ancillary proceeding affords a claimant an opportunity to establish their legal right, title or interest in criminally forfeited property. See 21 U.S.C. § 853(n); Fed R. Crim. P. 32.2(c). Section 853(k) ensures an orderly process by establishing Section 853(n) as the exclusive procedure for determining third party rights in criminal forfeiture cases, and expressly barring third parties from contesting the forfeiture in any other forum. See DSI Assocs. LLC v.

2

United States, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," and § 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets—after the order of forfeiture has been entered"); De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (Section 853(k) makes it clear that the third party must wait until ancillary proceeding to assert his rights).  In order to trigger the commencement of a third-party ancillary proceeding, the government must first publish notice of the forfeiture order and send notice to potential claimants.  Fed. R. Crim. P. 32.2(b)(6)(A); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under [21 U.S.C. § 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").

A petition must set forth all legal bases for interests claimed in property subject to forfeiture.  21 U.S.C. § 853(n)(3); see also United States v. BCCI Holdings (Lux.), S.A., 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (collecting cases in which petitions filed under Section 1963(l) were dismissed for failure to identify nature of interest claimed).  All grounds for recovery must be set forth within the petition, and a claimant may not later amend the petition to assert additional grounds for relief.  See, e.g., United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss).  A petition will therefore succeed or fail in its original and un-amended form,

3

particularly since courts require "strict compliance" with the rules and deadlines governing forfeiture proceedings.  See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993)(collecting cases applying "strict compliance" standard).

The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.  See, e.g., Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding).  Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss Claimant's petition "for lack of standing, for failure to state a claim, or for any other lawful reason."  In the event that Claimant's petition survives a motion to dismiss, the government is entitled pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) to conduct discovery that "is necessary or desirable to resolve factual issues."  In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2).  United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997); see also United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof) (citation and internal quotation marks omitted); United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (citation omitted).  Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met her burden of showing that her legal interest is a "superior interest" as compared to the

4

government's interest at the time of the acts giving rise to forfeiture. Pacheco, 393 F.3d at 351 ("burden ultimately falls on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in the § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); Timley, 507 F.3d at 1130, n.2 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6)); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The petitioner bears the burden of proving his right, title, or interest under section 853(n)(6).").

In order to show a superior legal interest, a claimant must either demonstrate under Section 853(n)(6)(A) that she had priority of ownership over the forfeited property *at the time of the offense*, or must demonstrate under Section 853(n)(6)(B) that she subsequently acquired the property as a bona fide purchaser for value without cause to believe the property was subject to forfeiture. Ribadeniera, 105 F.3d at 834-35. In addition, under the relation back doctrine, the government's exclusive interest in forfeited property "vests in the United States *upon the commission of the act* giving rise to forfeiture." 21 U.S.C. § 853(c) (emphasis added); Nava, 404 F.3d at 1124 ("The title to the forfeited property vests in the United States at the time the defendant commits the unlawful acts . . . ."). If, however, the third party does not establish a valid and superior interest in the property, then the United States "shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7); see also United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005).

Thus, the sole purpose of the ancillary proceeding under Section 853(n) is to determine ownership of a forfeited asset.  See United States v. Gordon, 710 F.3d 1124, 1167-8 (10th Cir. 2013) (holding that ownership disputes are deferred to the ancillary proceeding); United States v. Dupree, 919 F. Supp. 2d 254, 262-64 (E.D.N.Y. 2013), aff'd in part, vacated in part sub nom. United States v. Watts, 786 F.3d 152 (2d Cir. 2015)(Matsumoto, J.)(setting forth the statutory framework and procedures of ancillary proceedings).

**STANDARD OF REVIEW**

Ancillary proceedings are governed by Federal Rule of Criminal Procedure 32.2(c), which provides, in pertinent part:

> [T]he court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

Fed. R. Crim. P. 32.2(c)(1)(A); see also Willis Mgmt. (Vt.), Ltd. v. United States, 652 F.3d 236, 241 (2d Cir. 2011).

"A motion to dismiss a third party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."  Pacheco, 393 F.3d at 352.  Dismissal is appropriate where the petition does not set forth "enough facts to state a claim to relief that is plausible on its face."  Willis Mgmt., 652 F.3d at 241-42 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To be plausible, the petition need not show a probability of success, but it must evidence more than a mere possibility of a right to relief.  Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[D]etermining plausibility is a context specific endeavor that requires the court to draw upon its experience and common sense."  Nakahata v. New York Presbyterian HealthCare System, 723 F.3d 192, 196 (2d Cir. 2012) (citations omitted).  All reasonable inferences must be

6

drawn in favor of the petitioner.  Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010).  The Court, however, is not required to accept "mere conclusory statements," nor is it required to accept legal conclusions that are pleaded as factual allegations.  Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555).

## ARGUMENT

### POINT I

### CLAIMANT FAILED TO ASSERT AN INTEREST IN 8 VALERIE PLACE THAT IS SUPERIOR TO THE GOVERNMENT'S VESTED INTEREST IN THE PROPERTY

Claimant's petition merely states, in a conclusory manner, that 8 Valerie Place "was purchased for $560,000, which was paid for with the proceeds from the sale of [the Kearney's] prior residence, 1305 North Windsor Avenue, Bay Shore, New York, [with] assistance from Defendant William Kearney's family, and by securing a mortgage in the amount $200,000.00."  See Leonardo Dec., Exhibit 1, Petition at ¶ 9; DE 568.  Claimant asserts that she has an interest in 8 Valerie Place by virtue of New York State law.  See Id. at ¶¶ 1-7.

While state law may establish that Claimant has standing as required under 21 U.S.C. § 853(n), she still must show that she had priority of ownership over the forfeited property at the time the defendant committed the offense under Section 853(n)(6)(A), the provision under which Claimant has alleged an interest.  See United States v. Petters, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (establishing a legal interest under § 853(n)(2) is only half the battle; claimant must still show he can prevail on the merits under § 853(n)(6)(A) or (B)); United States v. Speed Joyeros, S.A., 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006) (state law determines what interest claimant has; "the effect of that property interest—i.e., whether it satisfies the requirements of the federal forfeiture statute—is necessarily a matter of federal law"); United States v. Davis,

7

No. 00 Civ. 8296 (SHS), 2001 WL 47003, at *2 (S.D.N.Y. Jan. 17, 2001) (holding that wife's interest in seized property is defined by state law, but federal law will determine if that property interest is sufficient to void forfeiture).

"Since title to the forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property *before* the underlying crime was committed—that is, before the government's interest vested." United States v. Watts, 786 F.3d 152, 166 (2d Cir. 2015)(internal citations and quotations omitted); United States v. Madoff, No. 09 CR 213 DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012)("…[A]n interest in criminally forfeited property is superior to the government's interest if it arose before the government's interest vested.  Under the relation back doctrine, the government's interest vests for offense property—any property constituting, or derived from, any proceeds the person obtained directly or indirectly as the result of the crime—at the time of the commission of the acts giving rise to the forfeiture.")(internal citations and quotations omitted); Pacheo v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004)(upholding district court's rejection of a third party claim because her interest was not acquired until after the crime giving rise to the forfeiture); United States v. Eldick, 223 Fed. Appx. 837, 840-41 (11th Cir. 2007)(under § 853(c), "the government's interest will be superior to that of anyone whose interest does not antedate the crime."); Caplin & Drysdale v. United States, 491 U.S. 617, 627 (1989)("[Section] 853(c) reflects the application of the long-recognized and lawful practice of vesting title to any forfeitable assets in the United States, at the time of the criminal act giving rise to forfeiture."); United States v. Daugerdas, 892 F.3d 545, 548 (2d Cir. 2018)("…[A] third-party claimant must assert an interest in the proceeds of an offense that is superior to the defendant's at the moment that offense was committed in order to

8

assert, in a subsequent forfeiture proceeding, an interest in those proceeds that is superior to that of the government."). Moreover, a third-party petitioner can never establish a pre-existing interest under Section 853(n)(6)(A) in property like 8 Valerie Place that represents proceeds of crime because criminal proceeds come into existence only when a crime occurs.  See United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000) (holding that Section 853(n)(6)(A) can never be used to successfully challenge forfeiture of criminal proceeds, which by their very nature do not exist before commission of offense); Timley, 507 F.3d at 1130 ("As the court in Hooper explained, the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests."); Eldick, 223 Fed. Appx. at 840 (following Hooper); United States v. Warshak, No. 09-3321, 2011 WL 2450991, at *2 (6th Cir. Mar. 30, 2011) (following Hooper).

In her petition, Claimant alleges that 8 Valerie Place was purchased on or about November 14, 2003, during the time period of the mail fraud and wire fraud conspiracy and the money laundering conspiracy.  See Leonardo Dec., Exhibit 1, ¶ 8.  The report and recommendation, adopted by this Court, specifically found that 8 Valerie Place, along with other assets, was traceable to the commission of the charged offenses.  See DE 373 at p. 45.[1]  Because the property was purchased during the course of the conspiracy with proceeds of the fraud, Claimant is unable to succeed on her claim under Section 853(n)(6)(A), the provision under which she asserts her interest in 8 Valerie Place, and the petition should be dismissed.  See Watts, 786 F.3d at 166 ("Subsection 853(n)(6)(A) works hand in hand with the relation-back

---

[1] The evidence from the forfeiture portion of the sentencing showed that defendant used proceeds of the conspiracy to pay approximately $99,109 toward the mortgage on 8 Valerie Place and approximately $147,375 to the previous owner of 8 Valerie Place.  See DE 355-7 at ¶¶ 7-10; DE 373 at p. 45.

doctrine embodied in § 853(c), which provides that all property subject to forfeiture based on a criminal offense vests in the United States upon the commission of the [offense]."

Claimant cannot prevail on her purported claim to 8 Valerie Place because, as she readily admits, she did not have an interest in the property prior to the commission of defendant's crime. Accordingly, the government's interest in 8 Valerie Place is superior to that of the Claimant.

## CONCLUSION

For the foregoing reasons, Claimant's petition should be dismissed.

Dated: Central Islip, New York
        August 6, 2021

                                        Respectfully submitted,

                                        JACQUELYN M. KASULIS
                                        Acting United States Attorney

                                By:     /s/ Diane C. Leonardo
                                        Diane C. Leonardo
                                        Assistant U.S. Attorney
                                        (631) 715-7854

10