UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                Case No.: 2:09-CR-168
                                                   (DLI)

        - against -

ROMANO, et at.,

                           Defendant.
-------------------------------------------------------------------------------X

**PETITIONER KAREN KEARNEY'S MEMORANDUM
OF LAW IN OPPOSITION TO THE UNITED STATES MOTION
TO DISMISS HER PETITION UNDER 21 U.S.C. 853(n)(2)**

                                     Andrew J. Campanelli
                                     Campanelli & Associates, P.C.
                                     Attorneys for Petitioner Karen Kearney
                                     1757 Merrick Avenue, Suite 204
                                     Merrick NY 11566

1

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

## TABLE OF AUTHORITIES

### CASES

Matter of Violi, 65 N.Y.2d 392(1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Pacheco v. Serendensky, 393 F3d. 348 (2nd Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

U.S. v. Rothstein, 2010 WL 2927489. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

U.S. v. Smith, 2012 WL 2116405 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

United States v. Daugerdas, 2020 WL 364601 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Preston, 123 F. Supp.3d 108 (2015). 07

Willis Management Ltd. V. U.S. 652 f3d. 236 (2nd Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 7

### STATUTES

21 U.S.C. §853(n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

21 U.S.C. §853(n)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

21 U.S.C. §853(n)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

**PRELIMINARY STATEMENT**

The petitioner's verified petition is annexed hereto as Exhibit "A," and the factual allegations set forth therein are incorporated by reference herein.

The United States' motion to dismiss the petitioner/claimant's petition should be denied because the petitioner has set forth a clear claim of possessing title to the real property at issue, under New York Law.

Concomitantly, pursuant to 21 U.S.C. §853(n)(2) et. seq. the Petitioner must be afforded discovery, a hearing, and an opportunity to establish her claim that, at best, the government is only entitled to a "partial forfeiture" of the real property at issue.

**ARGUMENT**

The Petitioner has commenced this ancillary proceeding by having timely filed the petition annexed hereto as Exhibit "A" (hereinafter referred to as Pet. at ¶#).

She is petitioning the court for a hearing to adjudicate the validity of her right, title and interest she has asserted, as a titled owner to the real property known as 8 Valerie Place in East Islip, New York Pet. at page 1, first paragraph.

As set forth in her petition, the petitioner asserts that she took title to 8 Valerie Place, via a tenancy by the entirety (Pet. at ¶1), and such allegations must be accepted as true for purposes of the United States' current motion.

Under New York State Law, this means that she possessed a 100% ownership of the property, while her ex-husband (William Kearney) simultaneously owned an overlapping 100% ownership of same. See Matter of Violi, 65 N.Y.2d 392(1985).

4

Since she has clearly articulated a sufficient claim of ownership, she has established standing to bring this ancillary proceeding, and to invoke the provisions of 21 U.S.C. §853(n)(2) to secure discovery and a hearing, herein, to enable her to establish that, at best, the government is entitled to a "partial forfeiture" of the real property at issue. See Pacheco v. Serendensky, 393 F3d. 348 (2nd Cir. 2004).

The relevant portions of §853(n) are as follows:

**(n) Third party interests**

**(1)** Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified. . .

**(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury. . .

**(5)** At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

**(6)** If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

> **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . .

5

It is beyond argument that the petitioner has asserted a sufficient claim of possessing a legal interest in the real property at issue (that being her home), both to possess standing to petition this Court under 853(n)(2) and to have established the right to seek relief under same.

Concomitantly, she is entitled to a hearing at which to be afforded an opportunity to establish her superior ownership interests and to secure a finding by the court consistent with §853(n)(6).

In seeking dismissal of her petition, the United States proffers that, within the criminal proceedings herein, the government had proven that criminal defendant William Kearney had used proceeds of his criminal offense to contribute to the purchase price of the property, and the mortgage upon same.

More Specifically, the United States explicitly asserts:

"The evidence from the forfeiture portion of the sentencing showed that defendant [William Kearney] used proceeds of the conspiracy to pay approximately $99,109 towards the mortgage on 8 Valerie Place, and approximately $147,370 to the previous owner of 8 Valerie Place"

See page 9, footnote 1, of the United States Memorandum of Law in Support of its Motion to Dismiss this Ancillary Proceeding

So, the United States is alleging that the criminal defendant used a total of $246,479 of the proceeds of the conspiracy towards the purchase price of, and mortgage upon, the real property at issue.

As alleged by the Petitioner however, purchase price of the home was $560,000 (Pet. at ¶ 9).

This, of course, would mean that the remaining $313,521.00 portion of the purchase price and mortgage payments *did not* come from any criminal proceeds or any conspiracy, and/or that the United States is not claiming that it did, or has no evidence that it did.

This is entirely consistent with the petitioner's claims that she, and she alone, has been paying the mortgage long since the "criminal conspiracy" ended, and concomitantly, she has been reducing the remaining principal of the mortgage owed upon the property. Pet at ¶ 10.

This is also entirely consistent with the petitioner's claims that the purchase price came from other sources, such as the sale of a previous home, and financial contribution from William Kearney's parents. Pet at ¶ 9.

It is respectfully submitted that, for these reasons, the United States' motion to dismiss the petition must be denied, because the government's motion must be treated as a motion to dismiss a civil complaint, and it should not be granted where, as here, a petitioner has stated enough facts to state a claim to relief which is plausible on its face. Willis Management Ltd. V. U.S. 652 f3d. 236 (2nd Cir. 2011), United States v. Preston, 123 F. Supp.3d 108 (2015).

Moreover, when deciding motions seeking dismissal of a petition filed under 21 U.S.C. §853(n), the court must accept all facts alleged in the petition as true and construe all reasonable inferences in petitioner's favor. United States v. Daugerdas, 2020 WL 364601 (2020).

Under circumstances such as these, the United States Court of Appeals for the Second Circuit has recognized that section §852(n)(2) requires that the ex-wife of a criminal defendant, who is a titled owner of real property which the government seeks to forfeit, be afforded both discovery and a hearing at which to present her claim of ownership, to establish that the government is only entitled to a "partial forfeiture" of the real property at issue. See Pacheco v. Serendensky, 393 F3d. 348 (2nd Cir. 2004), see also U.S. v. Tucker, 2020 WL 6891517 (ex-wife of criminal defendant was afforded discovery, and thereafter filed an amended petition which was dismissed as untimely); U.S. v. Smith, 2012 WL 2116405 (2012); U.S. v. Rothstein, 2010 WL 2927489.

7

## CONCLUSION

In view of the forgoing, it is respectfully submitted that the United States motion to dismiss the

petitioner's petition should be denied in its entirety.


Respectfully Submitted,

**CAMPANELLI & ASSOCIATES, P.C.**

By: /s/ *Andrew J. Campanelli*
   Andrew J. Campanelli
   Attorneys for Petitioner/Claimant
   1757 Merrick Avenue, Suite 204
   Merrick, New York 11566
   (516) 746-1600