UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA


        - against -                                 CR 09-0168 (S-2)(DLI)


WILLIAM KEARNEY,


            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


UNITED STATES' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS THE ANCILLARY PETITION
FILED BY CLAIMANT KAREN KEARNEY


                                   JACQUELYN M. KASULIS
                                   UNITED STATES ATTORNEY
                                   Eastern District of New York
                                   610 Federal Plaza
                                   Central Islip, New York 11722


Diane C. Leonardo
Assistant United States Attorney,
      Of counsel

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 2

POINT I    CLAIMANT FAILED TO ASSERT AN INTEREST IN 8 VALERIE PLACE THAT IS SUPERIOR TO THE GOVERNMENT'S VESTED INTEREST IN THE PROPERTY   ......................................................... 2

A.    CLAIMANT CANNOT STATE A CLAIM PURSUANT TO 21 U.S.C. § 853(n)(6)(A) AND CLAIMANT IS NOT ENTITLED TO DISCOVERY  .............................................................................. 3

B.    CLAIMANT'S ARGUMENT THAT A PARTIAL FORFEITURE IS WARRANTED IS WITHOUT MERIT   .................................. 6

CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 2

*Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004) ............................................................ 4, 5

*United States v. Church & Dwight Co.*, 510 F. App'x 55 (2d Cir. 2013) .....................................2

*United States v. Eldick*, 223 Fed. Appx. 837(11th Cir. 2007) .......................................................4

*United States v. Hooper,* 229 F.3d 818, 821-22 (9th Cir. 2000) ...................................................7

*United States v. Madoff*, No. 09 CR 213 DC, 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012) ......... 4

*United States v. Peterson*, 820 F. Supp. 2d 576 (S.D.N.Y. 2011) .................................................6

*United States v. Ribadeniera*, 105 F.3d 833 (2d Cir. 1997)......................................................... 3

*United States v. Rothstein*, No. 09-60331-CR-COHN, 2010 WL 2927489 (S.D. Fla. July 21,

2010) ............................................................................................................................................5

*United States v. Salti,* 579 F.3d 656 (6th Cir. 2009) .....................................................................3

*United States v. Smith*, 10-CR00026, 2012 WL 2116405 (W.D. Va. June 11, 2012) ...................5

*United States v. Timley*, 507 F.3d 1125 (8th Cir. 2007) ........................................................... 3, 7

*United States v. Tucker*, No. 16-CR-91 (PKC), 2020 WL 6891517 (S.D.N.Y. Nov. 24, 2020) ....5

*United States v. Watts*, 786 F.3d 152 (2d Cir. 2015) ................................................................2, 3

*Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236 (2d Cir. 2011) ....................................... 2

**STATUTES**

21 U.S.C. § 853 ................................................................................................................6

21 U.S.C. § 853(c) ...........................................................................................................4

21 U.S.C. § 853(n) ......................................................................................................... 2

21 U.S.C. § 853(n)(2) ......................................................................................................2

21 U.S.C. § 853(n)(6)(A) ......................................................................................... 1, 2, 3, 7

**RULES**

Federal Rules of Civil Procedure 12(b) ......................................................................... 2

Federal Rules of Criminal Procedure 32.2................................................................... 2

Federal Rules of Criminal Procedure 32.2(c)(1)(A) .................................................2, 5

## PRELIMINARY STATEMENT

The United States of America (the "United States" or the "government") respectfully submits this reply memorandum of law in further support of its motion to dismiss the ancillary petition (the "petition") filed by Claimant Karen Kearney ("Claimant").

In sum and substance, Claimant argues that the government's motion to dismiss should be denied because: 1) Claimant stated a claim of title to the property located at 8 Valerie Place, West Islip, New York ("8 Valerie Place") under New York State law; and 2) that Claimant is entitled to discovery to establish her claim that the government is only entitled to a "partial forfeiture." See Claimant's Memorandum of Law in Opposition ("Cl. Opp.") at p. 4. Claimant's arguments are misplaced and misconstrue applicable forfeiture law and principles.

To assert a valid interest in the property, Claimant must show two things: 1) that she possesses a legal interest in 8 Valerie Place; and 2) that her interest is superior to that of the government. Claimant asserts that her interest in 8 Valerie Place arises pursuant to 21 U.S.C. § 853(n)(6)(A). See Declaration of Diane C. Leonardo, dated August 5, 2021 ("Leonardo Dec."), Exhibit 1, Petition at ¶¶ 24, 25; DE 568. Pursuant to Section 853(n)(6)(A), Claimant must prove that she acquired her alleged interest in 8 Valerie Place prior to the commission of the defendant's crimes and thus, has an interest in 8 Valerie Place that is superior to the government's interest. This she cannot do. The indictment against Defendant William Kearney ("Defendant") alleged that the criminal conspiracy occurred on or about and between January 1990 and November 2008. See Leonardo Dec., Exhibit 3, Second Superseding Indictment at ¶¶ 11, 18; DE 168. As such, under the relation-back doctrine, the government's interest in 8 Valerie Place vested at the time of the commission of Defendant's crimes. Claimant, alleging that 8 Valerie Place was purchased in 2003, squarely within the time period of the commission of

1

the crimes, therefore can never prove her claim under Section 853(n)(6)(A) and the government's motion to dismiss the petition should be granted pursuant to Fed. R. Civ. P. 12(b) and Fed R. Crim. P. 32.2. Further, because Claimant's petition fails to state a claim on its face, she is not entitled to conduct discovery.

## ARGUMENT

### POINT I

**CLAIMANT FAILED TO ASSERT AN INTEREST IN
8 VALERIE PLACE THAT IS SUPERIOR TO THE
GOVERNMENT'S VESTED INTEREST IN THE PROPERTY**

Rule 32.2 of the Federal Rules of Criminal Procedure provides that, in an ancillary proceeding concerning a petition under Section 853(n), "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss a petition under Section 853(n) prior to discovery or a hearing is treated similarly to a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). See Willis Mgmt. (Vt.), Ltd. v. United States, 652 F.3d 236, 241-42 (2d Cir. 2011). "A third-party petition must only provide enough facts to state a claim to relief that is plausible on its face to survive dismissal." United States v. Church & Dwight Co., 510 F. App'x 55, 57 (2d Cir. 2013)(internal citation omitted). "A complaint must allege enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss a petition, the Court assumes all facts set forth in the petition to be true. See Fed. R. Crim. P. 32.2(c)(1)(A).

In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2). United States v. Watts, 786 F.3d 152, 160 (2d Cir. 2015)

2

(citing United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997)); see also United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (citation omitted); United States v. Salti, 579 F.3d 656, 667 n. 11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof).

**A.    Claimant Cannot State a Claim Pursuant to 21 U.S.C. § 853(n)(6)(A) and Claimant is Not Entitled to Discovery**

Here, assuming arguendo, that Claimant has a legal interest in 8 Valerie Place under New York State law, she still must prove that her interest in the property is superior to that of the government's interest.  Claimant's failure to state a plausible claim necessarily precludes discovery.  Indeed, no amount of discovery will change the fact that: 1) Defendant was convicted after trial of engaging in a wire and mail fraud conspiracy and a money laundering conspiracy to defraud customers through the purchase of fraudulently valued gold coins during the period of January 1990 through November 2008, DE 168, 295; 2) Defendant's conviction for engaging in wire fraud and mail fraud conspiracies was subsequently affirmed; and 3) Claimant alleged that 8 Valerie Place was purchased in 2003 during the period of the conspiracy.  Accordingly, and as discussed more fully in the government's brief dated August 6, 2021, Claimant does not possess an interest in 8 Valerie Place that is superior to the government's interest.  See United States v. Watts, 786 F.3d 152, 166 (2d Cir. 2015)("Since title to the forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property before the underlying crime was committed—that is, before the government's interest vested.")(internal

3

citations and quotations omitted); United States v. Madoff, No. 09 CR 213 DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012)("…[A]n interest in criminally forfeited property is superior to the government's interest if it arose before the government's interest vested.  Under the relation back doctrine, the government's interest vests for offense property—any property constituting, or derived from, any proceeds the person obtained directly or indirectly as the result of the crime—at the time of the commission of the acts giving rise to the forfeiture.")(internal citations and quotations omitted); Pacheco v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004)(upholding district court's rejection of third party claim because her interest was not acquired until after the crime giving rise to the forfeiture); United States v. Eldick, 223 Fed. Appx. 837, 840-41 (11th Cir. 2007)(under Section 853(c) "the government's interest will be superior to that of anyone whose interest does not antedate the crime.").

Claimant's citations to the holdings in several cases to support her argument that she is entitled to discovery and a hearing to show her claim of ownership are misplaced.  See Cl. Opp. at p. 7.  In Pacheco v. Serendensky, the Second Circuit stated: "[w]e hold today only that Pacheco is entitled to take evidence -- either through a course of discovery or in a hearing -- so that she may attempt to prove the validity of her interest in the Premises."  393 F.3d at 356. Contrary to Claimant's representation, the Second Circuit did not allow the ex-wife of the criminal defendant to proceed to discovery.  See Cl. Opp. at p. 7.  The claimant in Pacheco was not the criminal defendant's ex-wife, the claimant was an individual that allegedly acquired an interest in the forfeited property when she purchased the property at a foreclosure sale.   The Second Circuit allowed discovery to proceed based upon a complicated fact pattern that included a foreclosure action by the bank that held the mortgage on the forfeited property, a subsequent foreclosure sale, and the timing of the recording of liens on the property with regard to

4

claimant's assertion that she was a bona fide purchaser for value of the property.  See Pacheco, 393 F. 3d at 356.

In United States v. Tucker, No. 16-CR-91 (PKC), 2020 WL 6891517, at *3 (S.D.N.Y. Nov. 24, 2020), the court specifically recognized that Rule 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."  The court further specified that "[o]nly after some discovery has taken place may a party move for summary judgment; at that point the petitioner would be required to produce evidence supporting a prima facie case of entitlement, but not before." Tucker, 2020 WL 6891517, at *4.  The court in Tucker ultimately dismissed the claimant's petition with regard to several accounts and discovery proceeded with respect to only one property, prior to a summary judgment dismissal, based on claimant's allegations regarding the purchase of the property that was included in the order of forfeiture.  Id. at *2.  Finally, in United States v. Rothstein, No. 09-60331-CR-COHN, 2010 WL 2927489, at *3 (S.D. Fla. July 21, 2010) the court merely denied the government's motion to dismiss and held that the claimants, not an ex-wife, sufficiently alleged a legal title to the forfeited property; and in United States v. Smith, 10-CR00026, 2012 WL 2116405, at *1 (W.D. Va. June 11, 2012) the court discussed the purchase of property by the father of a criminal defendant, which pre-dated the period of the crimes of conviction, that the criminal defendants did not have an ownership interest in the property, but that the government was entitled to an equitable lien for any improvements to the property made by the criminal defendants.

None of the above cases support Claimant's position that prior to a dismissal, there should be a period of discovery.  As discussed above, no amount of discovery will change the fact that 8 Valerie Place was purchased during the period of the conspiracy and that the

5

government's interest in 8 Valerie Place vested prior to the Claimants.  Claimant cannot succeed on her claim as alleged pursuant to 21 U.S.C. § 853 that her interest is superior to that of the government's interest and her petition should be dismissed.

**B.**     **Claimant's Argument that a Partial Forfeiture is Warranted is Without Merit**

Claimant argues, incorrectly, that since the Defendant used only a total of $246,479 of the proceeds of the conspiracy towards the purchase of 8 Valerie Place that "[t]his, of course, would mean that the remaining $313,521.00 portion of the purchase price and mortgage payments did not come from any criminal proceeds or any conspiracy, and/or that the United States is not claiming that it did, or has no evidence that it did." See Cl. Opp. at p. 6.  Claimant incorrectly concludes that the government is only entitled to a "partial forfeiture" of 8 Valerie Place.  The report and recommendation, adopted by this Court, specifically found that the purchase of 8 Valerie Place, along with other assets, was traceable to the commission of the charged offenses.  See DE 373 at p. 45.[1]  At this juncture, Claimant cannot relitigate the findings of this Court that 8 Valerie Place was a "specific asset[] traceable to the commission of the mail or wire fraud" and that "8 Valerie Place [] be forfeited to the United States."  See R&R at pp. 46-47; United States v. Peterson, 820 F. Supp. 2d 576, 582 (S.D.N.Y. 2011)(The ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property.").

Assuming, arguendo, that Claimant is claiming that a "partial forfeiture" is appropriate because the entire purchase price of 8 Valerie Place did not include proceeds of Defendant's

---

[1] The evidence from the forfeiture portion of the sentencing showed that defendant used proceeds of the conspiracy to pay approximately $99,109 toward the mortgage on 8 Valerie Place and approximately $147,375 to the previous owner of 8 Valerie Place.  See DE 355-7 at ¶¶ 7-10; DE 373 at p. 45.

crimes, under 21 U.S.C. § 853 (n)(6)(A) as she has alleged in her petition, she still must prove that her interest is superior to that of the government's and that her interest was obtained prior to the commission of Defendant's crimes.  See Leonardo Dec., Exhibit 1, Petition at ¶¶ 24, 25; DE 568.  However, a third-party petitioner can never establish a pre-existing interest under Section 853(n)(6)(A) in property like 8 Valerie Place that represents proceeds of crime because criminal proceeds come into existence only when a crime occurs.  See United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000) (holding that Section 853(n)(6)(A) can never be used to successfully challenge forfeiture of criminal proceeds, which by their very nature do not exist before commission of offense); Timley, 507 F.3d at 1130 ("As the court in Hooper explained, the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests.").  Accordingly, Claimant cannot state a legally cognizable claim under 21 U.S.C. § 853(n)(6)(A) and her petition should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Claimant's petition should be dismissed.

Dated:  Central Islip, New York
        October 7, 2021

                                    Respectfully submitted,
                                    JACQUELYN M. KASULIS
                                    Acting United States Attorney

                        By:    /s/ Diane C. Leonardo
                               Diane C. Leonardo
                               Assistant U.S. Attorney
                               (631) 715-7854

7