UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

Case No.: 2:09-CR-168
(DLI)

- against -

ROMANO, et al.,                                                    **NOTICE OF APPEAL**

Defendant.
-----------------------------------------------------------------------------------X

**NOTICE IS HEREBY GIVEN** that Karen Kearney, Non-Party Petitioner in the above-

named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the

Memorandum and Order of the Honorable Dora L. Irizarry, U.S.D.J. (ECF Doc. No. 603) entered

in this action on the 5th day of January 2022.

Dated: Merrick, New York
       February 1, 2022

Respectfully Submitted,

Campanelli & Associates, P.C.

By: _____/S_____
              Andrew J. Campanelli
              Attorneys for Petitioner Karen Kearney
              1757 Merrick Avenue, Suite 204
              Merrick, New York 11566
              (516) 746-1600

To:    All parties and their counsel (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

           :

UNITED STATES OF AMERICA,        :

           :         **MEMORANDUM AND ORDER**

-against-          :

           :         09-cr-00168 (S-2) (DLI) (VMS)

WILLIAM KEARNEY, et. al.,       :

           :

          Defendants.    :

------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On May 19, 2021, nonparty Karen Kearney ("Petitioner"), pursuant to 21 U.S.C. § 853(n)(2), filed a Verified Petition (the "Petition") for a hearing to adjudicate the validity of her claim to a residence located at 8 Valerie Place, East Islip, New York 11730 (the "Property"), which is subject to forfeiture as part of Defendant William Kearney's ("Defendant") sentence. *See*, *generally*, Verified Pet. for Hearing to Adjudicate Third Party Claim ("Pet."), Dkt. Entry No. 568. On October 7, 2021, the Government moved to dismiss the Petition. *See*, Notice of Mot., Dkt. Entry No. 592; Gov't's Mem. of Law in Supp. of Mot. to Dismiss the Petition ("Gov't Mem."). Petitioner opposed the motion. *See*, Pet'r's Mem. of Law in Opp'n to the Mot. to Dismiss ("Opp'n"), Dkt. Entry No. 593. The Government replied. *See*, Gov't Reply Mem. of Law ("Reply"), Dkt. Entry No. 594. For the reasons set for below, the Government's motion is granted.

## BACKGROUND[1]

On November 10, 2010, a second superseding indictment, returned by a grand jury of this district, was filed against Defendant and other named individuals, charging them with conspiracy

---

[1] For a more complete recitation of the facts and procedural history, see *United States v. Romano*, 859 F. Supp.2d 445, 451 (E.D.N.Y. 2012), *aff'd*, 794 F.3d 317 (2d Cir. 2015), and Memorandum and Order issued on April 29, 2021, Dkt. Entry No. 556. The parties' familiarity with the facts and circumstances of this case is presumed and only those facts necessary for this Memorandum and Order are set forth herein.

to commit mail and wire fraud from December 1990 to November 2008, in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering from March 1997 to November 2008, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1957(b), and 1957(d)(1). *See*, Second Superseding Indictment ("Indictment"), Dkt. Entry No. 168. Each of these counts was accompanied by a criminal forfeiture allegation. *Id.* at ¶¶ 18-22. On June 13, 2011, Defendant was convicted after a five-week jury trial of conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. *See*, Jury Verdict, Dkt. Entry No. 295. As part of Defendant's sentence, the Government requested forfeiture of Defendant's assets, including the Property. *See*, Mot. for Forfeiture, Dkt. Entry No. 355.

By separate Report and Recommendations ("R&Rs") issued on July 26, 2013 and December 17, 2013, respectively, the magistrate judge recommended that the Court grant the Government's requests for forfeiture and restitution orders. *See*, Forfeiture R&R dated July 26, 2013, Dkt. Entry No. 373; Restitution R&R dated December 17, 2013, Dkt. Entry No. 393. Specifically, the magistrate judge found that the Government had shown by a preponderance of evidence that the Property was among Defendant's assets traceable to the commission of the mail and wire fraud and, thus, recommended that the Property be forfeited to the United States. *See*, Forfeiture R&R at 46-47. Defendant did not contest that the Property was purchased with proceeds from the fraud. *Id.* at 45.

On April 2, 2021, Petitioner, through her counsel, requested a hearing to adjudicate her claim to the Property. *See*, Dkt. Entry No. 554. The Government opposed the request as premature because a forfeiture order against Defendant had not been entered. *See*, Dkt. Entry No. 555. On April 29, 2021, this Court adopted the R&Rs in their entirety, thereby ordering the seizure of Defendant's various bank accounts and forfeiture of the Property. *See*, Memorandum and Order

2

("M&O"), Dkt. Entry No. 556, at 9, 18.

On May 19, 2021, Petitioner filed the instant Petition, seeking a hearing to adjudicate her claim to the Property under 21 U.S.C. § 853(n)(2). *See, generally*, Pet. Petitioner asserts that she and Defendant acquired the Property on or about November 14, 2003. *Id.* at ⁋ 8 (citing Copy of Deed, Dkt. Entry No. 568-1). According to Petitioner, she and Defendant got divorced on September 23, 2020, but she retained ownership in "half of the Property" under New York law. *Id.* at ⁋⁋ 3-7, 24. On May 27, 2021, the Court issued a Preliminary Order of Forfeiture (the "Forfeiture Order") against Defendant, ordering forfeiture of, *inter alia*, the Property. *See,* Preliminary Order of Forfeiture ("Forfeiture Order"), Dkt. Entry No. 575, at 2. The Government responded that Petitioner does not have a priority of ownership in the Property under 21 U.S.C. § 853(n). *See,* Dkt. Entry No. 577.

On October 7, 2021, the Government moved to dismiss the instant Petition, contending that Petitioner has failed to assert an interest in the Property that is superior to the Government's vested interest in the Property. *See,* Gov't Mem. at 7. Petitioner countered that she has articulated a sufficient claim to the Property and standing to bring an ancillary proceeding under 21 U.S.C. § 853(n)(2). *See,* Opp'n at 4-5.

## LEGAL STANDARD

Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of [her] alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the

3

relief sought." *Id.* at § 853(n)(3). "Property" here includes "tangible and intangible personal property, including rights, privileges, interests, claims and securities." *United States v. Singh*, 390 F.3d 168, 189 (2d Cir. 2004) (quoting 21 U.S.C. § 853(b)(2)).

"At the hearing, the petitioner must first establish [her] standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015) (citations omitted). The petitioner then must "prove [her] entitlement to relief on the merits by establishing, through a preponderance of the evidence, one of two superior claims to the property under § 853(n)(6)." *Id.* (citing 21 U.S.C. § 853(n)(6); *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004)). The petitioner must demonstrate that she "has a legal right, title, or interest in the property, . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). The petitioner must demonstrate that she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." *Id.* at § 853(n)(6)(B).

"The procedures governing ancillary proceedings under § 853(n) are further elaborated in Rule 32.2(c) of the Federal Rules of Criminal Procedure." *Watts*, 786 F.3d at 161. Where "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). However, without a formal hearing, the "court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." *Id.* at 32.2(c)(1)(A). "A motion to dismiss a third party petition should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Watts*, 786 F.3d at 161 (internal quotation marks and citation omitted). "To survive a motion to

dismiss, the petition need only 'state [ ] enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241-42 (2d Cir. 2011) (alternation in original)).

## DISCUSSION

Petitioner brings the instant Petition pursuant to 21 U.S.C. § 853(n)(6)(A) only. *See,* Pet. at ¶ 24. In order to establish standing to challenge an order of forfeiture under § 853(n), Petitioner must demonstrate that she has a legal interest in the forfeited property. *See, Watts*, 786 F.3d at 161 (citations omitted). The extent of her interest in the Property is determined in accordance with state law. *Id.* (citation omitted). Petitioner claims that she has standing to challenge the Forfeiture Order because she "legally owns half of the Property" under New York law. Pet. at ¶¶ 1-9, 24. The Government does not contest that Petitioner has established sufficient standing to challenge the forfeiture under § 853(n). *See,* Gov't Mot. at 7. Nevertheless, the Government contends that Petitioner has failed to establish a claim to the Property pursuant to § 853(n)(6)(A). *Id.* at 7-8.

To establish a claim to property subject to forfeiture under § 853(n)(6)(A), a petitioner must demonstrate that she "has a legal right, title, or interest in the property . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts* which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A) (emphasis added). "Subsection 853(n)(6)(A) works hand in hand with the 'relation-back' doctrine embodied in § 853(c), which provides that all property subject to forfeiture based on a criminal offense 'vests in the United States upon the commission of the [offense].'" *Watts*, 786 F.3d at 166 (quoting 21 U.S.C. § 853(c) (alteration in original)). Since forfeitable property vests in the Government "immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that [s]he had a

legal interest in the forfeited property *before* the underlying crime was committed—that is, before the government's interest vested." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

Petitioner contends that the Government is entitled only to "partial forfeiture" of the Property because her mortgage payments on the Property "did not come from any criminal proceeds." Opp'n at 6. In making this contention, Petitioner relies on *Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004). *See*, Pet. at ¶¶ 21-23. However, the reliance is misplaced. Although the Second Circuit in *Pacheco* held that partial forfeiture of real property is possible under § 853(n), that case's facts and applicable statute are entirely different from the present case. *See*, *Pacheco*, 393 F.3d at 354-55. First, contrary to Petitioner's assertion, the *Pacheco* petitioner was not the ex-wife of a criminal defendant, but an individual who allegedly acquired interest in the subject property at a foreclosure sale. *Id.* at 350; *See also*, Opp'n at 7. Second, *Pacheco* involved a more complex transactional history, including a refinanced mortgage, a foreclosure action by a bank that held the mortgage on the subject property, a subsequent foreclosure sale, and a recording of the deed on the property by the petitioner. *See*, *Pacheco*, 393 F.3d at 349-51. Third, the *Pacheco* petitioner asserted her claim as a *bona fide* purchaser under § 853(n)(6)(B). *Id.* at 353. Indeed, in *Pacheco*, the Second Circuit noted that § 853(n)(6)(B) was not applicable because the petitioner "obtained her asserted interest in the [property] after the conduct giving rise to the forfeiture. . . ." *Id.* Therefore, the holding in *Pacheco* supports neither that Petitioner is entitled to partial forfeiture nor that she is entitled to discovery.

Regardless as to whether Petitioner has made mortgage payments on the Property, she has failed to demonstrate that she had a priority of ownership of the Property at the time of the criminal offense. In *Watts*, the Second Circuit explained that:

Case 2:09-cr-00168-DLI    Document 603    Filed 01/05/22    Page 7 of 8 PageID #: 5422

> [A] petitioner is unlikely ever to prevail at an ancillary hearing under § 853(n)(6)(A) where the forfeited property consists of 'proceeds' derived from or traceable to a criminal offense. Because, by definition, the proceeds of an offense do not exist before the offense is committed, and because the government's interest under the relation-back doctrine immediately vests upon the commission of that offense, any proceeds that ensue from the criminal act belong to the government from the moment that they come into existence.

*Watts*, 786 F.3d at 166-67 (internal quotation marks and citations omitted).

In this case, the jury found that Defendant conspired to commit mail and wire fraud from December 1990 to November 2008, and money laundering from March 1997 to November 2008. *See*, Jury Verdict; Indictment at ¶¶ 18, 20. Additionally, the Court has found that the Property was purchased during the course of Defendant's conspiracy with proceeds from the fraud. *See*, M&O at 9, 18. Accordingly, the Court finds that the Government's interest in the Property vested in December 1990, well before Petitioner and Defendant purchased the Property in 2003. *See*, Pet. at ¶ 3. Petitioner has not articulated how an ancillary hearing or discovery will change the timing of the relevant events here. In order to state plausibly a claim to relief under § 853(n)(6)(A), Petitioner must allege that she has a superior interest in the Property, not just an ownership in the Property. *See*, *Watts*, 786 F.3d at 166-69. Therefore, the Government's motion to dismiss the Petition is granted pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).

[REST OF PAGE INTENTIONALLY LEFT BLANK]

7

## CONCLUSION

For the reasons set forth above, the Government's motion to dismiss the ancillary petition of Claimant Karen Kearney is granted, and the third party motion for a hearing to adjudicate the third party claim of Karen Kearney is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
January 5, 2022

_____
/s/
DORA L. IRIZARRY
United States District Judge