FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  AUG 22 2022  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

UNITED STATES OF AMERICA,

    v.

MICHAEL ROMANO, et al.,

        Defendants.

    Karen Kearney — Claimant.

——————————————————————————X

Case No. 09 Cr. 168 (SJ)

MOTION FOR RECONSIDERATION

    I, Karen Kearney, proceeding pro se, herewith move that this Court reconsider its determination that it lacks subject-matter jurisdiction to entertain my motion for stay. The Court's holding is an erroneous interpretation of applicable statute and rule.

    On August 17, 2022, this Court issued an order denying my motion for stay without prejudice, holding that the court lacked subject-matter jurisdiction because I had already filed a notice of appeal. The Court, citing *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020), held that "'[t]he filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice'," quoting *New York v. United States Dep't of Homeland Sec., supra.*

However, district courts are not divested of all authority pending appeal. Rule 8(a) of the *Federal Rules of Appellate Procedure* provides in relevant part that

> "[a]pplication for a stay of the judgment or order of a district court pending appeal, . . . or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court."

And 28 U.S.C. § 1355, which confers subject-matter jurisdiction on district courts in forfeiture actions, specifically grants subject-matter jurisdiction on the district court in tandem with the court of appeals to grant stays of the judgment. Section 1355(c) provides:

> (c) In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, **the district court or the court of appeals** shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, **including a stay of the judgment of the district court pending appeal** or requiring the prevailing party to post an appeal bond.[1]

(emphasis added).

---

[1] See also *F.R.Crim.P.* 32.2(d), which states that "[i]f a defendant appeals from… an order of forfeiture, the court may stay the order…" The structure of the Rule, which makes appeal the condition precedent to grant of the order of forfeiture, clearly confers authority on a district court to rule on a motion for stay after a notice of appeal has been filed.

In *United States v. 2001 Honda Accord EX VIN #*
*1HGCG22561A035829*,[2] for example, the government filed a motion
for stay pursuant to Rule 8(a)(1)(A) of the *Federal Rules of*
*Appellate Procedure* and 28 U.S.C. § 1355 to prevent a claimant
from taking possession of a disputed automobile.  The motion for
stay was filed well after the government had filed a notice of
appeal, but that quite properly did not prevent the district
court from denying the motion on its merits. *Id.*, at 2003 U.S.
Dist. LEXIS 4029, *1-2.

"[O]nce a notice of appeal has been filed, a district
court may take actions only 'in aid of the appeal or to correct
clerical errors.'" *Int'l Ass'n of Machinists and Aerospace*
*Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F. 2d 1014,
1017 (2d Cir. 1988) (quoting *Leonhard v. United States*, 633 F.2d
599, 609-10 (2d Cir. 1980). But that is all that adjudication of
a motion for stay pending appeal under Section 1355(c) does: it
is "in aid of the appeal" by maintaining the *status quo*. Like
*F.R.Civ.P.* 62 (at issue in *Int'l Ass'n of Machinists and*

---

[2]     Civil Action No. 3:02-CV-0831 (M.D. Pa. Mar. 18, 2003), 2003
U.S. Dist. LEXIS 4029.

*Aerospace Workers*), § 1355(c) grants the district court specific authority to "suspend, modify, restore, or grant [a stay] during the pendency of the appeal." The rule "is to be narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo." *Id.* at 847 F.2d 1018 (quoting *Fed.R.Civ.P.* 62(c)).

All I asked this Court to do is to preserve the status quo. My motion was properly directed to this Court under 28 U.S.C. § 1355(c) and *F.R.App.P.* 8(a). This Court had subject-matter jurisdiction under those statutes and rules. The Government has proposed a contractual arrangement pursuant to which I will agree to remain in the residence pending appeal. Until that agreement is executed, my stay request is before the proper tribunal, and a ruling on the merits is appropriate.

WHEREFORE, this motion should be granted and my motion for stay should be decided on the merits. I declare that the statements of fact made herein are true, under penalty of perjury.

Executed August 22, 2022

*Karen S. Kearney*

Karen S. Kearney
8 Valerie Place
East Islip, NY 11730
(631) 553-4902
karensuecsw@aol.com

## CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually-signed original of the foregoing *Motion for Reconsideration* by causing the same to be delivered to the following:

> Clerk, U.S. District Court for the Eastern
>      District of New York
> Long Island Courthouse'
> 100 Federal Plaza
> Central Islip, NY 11722

and I have served a true and complete copy of the same by depositing said document by first-class mail, postage prepaid, addressed to the following:

> Diane C. Leonardo
> Assistant United States Attorney
> 610 Federal Plaza
> Central Islip NY 11722

The foregoing statements are true under penalty of perjury.

Executed August 22, 2022

Karen Kearney
Karen Kearney