

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JHK:DCL

*610 Federal Plaza*
*Central Islip, New York 11722*

September 7, 2022

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Michael Romano and William Kearney
>        Criminal Docket No. 09-168 (S-2)(DLI)(VMS)

Dear Judge Irizarry:

This letter is respectfully submitted pursuant to Your Honor's order dated August 27, 2022, directing the government to respond to third-party claimant Karen Kearney's ("Mrs. Kearney") request for reconsideration of the Court's denial of her request for a stay of the final order of forfeiture pending the completion of her appeal of the dismissal of her third-party ancillary petition. DE 669, 673. Specifically, the Court requested that the government address the issue of the Court's jurisdiction to rule on Mrs. Kearney's request for a stay since an appeal had been filed. As discussed below, there are four factors that a district court may consider prior to granting a stay. United States v. Grote, 961 F.3d 105, 122-23 (2d Cir. 2020). However, in her request for a stay, Mrs. Kearney does not address the four factors; rather, she requests that the Court issue a stay to maintain the "status quo" (see DE 673 at p. 4 (citing 28 U.S.C. § 1355 (c); Fed. App. R. Pro. 8 (a)) and asserts that she has a "substantial issues on appeal." See DE 669 at p. 2.

"A district court may stay a forfeiture order pending appeal on terms appropriate to ensure that the property remains available pending appellate review. Fed. R. Crim. P. 32.2(d). While neither the Federal Rules nor this Court's precedent set out factors that pertain explicitly to stays of forfeiture orders, we have expressed standards generally governing applications to stay district court orders or proceedings pending appeal as follows: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Grote, 961 F.3d at 122-23 (internal quotations omitted).

Here, Mrs. Kearney has not made any showing that she is likely to succeed on the merits.[1] First, she argues, on appeal, that she was entitled to a forfeiture hearing. See Docket 21-1209 (L), 22-223 (con), Second Circuit at DE 231. However, pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss a claimant's petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Here, and as discussed more fully in the government's motion to dismiss (DE 592, 594) while state law may establish that Mrs. Kearney has standing as required under 21 U.S.C. § 853(n), she still must show that she had priority of ownership over the forfeited property at the time the defendant committed the offense under Section 853(n)(6)(A), the provision under which she alleged an interest. See United States v. Petters, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (establishing a legal interest under § 853(n)(2) is only half the battle; claimant must still show he can prevail on the merits under § 853(n)(6)(A) or (B)). However, "[s]ince title to the forfeitable property vests in the government immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that he had a legal interest in the forfeited property before the underlying crime was committed—that is, before the government's interest vested." United States v. Watts, 786 F.3d 152, 166 (2d Cir. 2015)(internal citations and quotations omitted). A hearing would not change the fact that 8 Valerie Place, East Islip, New York ("8 Valerie Place") was purchased with fraud proceeds during the course of the money laundering conspiracy and mail and wire fraud conspiracies for which the defendants stand convicted.

Second, Mrs. Kearney claims that she has raised "substantial issues" on appeal. DE 669 at p. 2. She argues, on appeal, that the district court erred in the forfeiture analysis because violations of wire fraud and mail fraud conspiracies were not enacted until July 2002, shortly before the purchase of 8 Valerie Place and thus, the property was not forfeitable. See Docket 21-1209 (L), 22-223 (con), Second Circuit at DE 231. Even assuming arguendo that this argument has merit, which it does not, Mrs. Kearney completely ignores the fact that defendant was also convicted of a money laundering conspiracy and 8 Valerie Place was purchased within the time frame of the money laundering conspiracy. In the money laundering context involving the forfeiture of real property, like the case here, "courts have held that property can be forfeited when fraud proceeds are used to pay for expenses or improvements to that property." United States v. Kenner, 443 F. Supp. 3d 354, 372 (E.D.N.Y. 2020)(Bianco, J.)(citing United States v. Schlesinger, 261 F. App'x 355, 361 (2d Cir. 2008). Further, "it is well-established that the ex post facto clause does not bar the application of a newly-enacted statute to offenses that began before, but continued after, the enactment of the statute. United States v. Schlesinger, 396 F. Supp. 2d 267, 279-80 (E.D.N.Y. 2005) (citing United States v. Monaco, 194 F.3d 381, 386 (2d Cir. 1999)). The defendants' fraudulent conduct occurred both pre-enactment and post-enactment of 18 U.S.C. § 1349.

---

[1] For the purposes of this submission, the government addresses only the requirement that Mrs. Kearney must show a likelihood of success on the merits. Mrs. Kearney has not argued that she meets any of the other factors and accordingly, the government does not address, or concede, that she has established any of the other factors to be considered.

Stays of forfeiture orders have been denied in similar circumstances.  See for e.g., United States v. Young, 2014 WL 1671507, at *2 (W.D.N.Y. Apr. 24, 2014) (stay denied because defendant did not set forth any arguments demonstrating likelihood of success on appeal); United States v. Davis, 2009 WL 2475340, at *2-3 (D. Conn. June 15, 2009) (stay denied because, among other things, further delaying forfeiture would prevent Government from using the forfeited assets in creating a restitution fund for victims).  Based upon a consideration of the above factors, Mrs. Kearney has not met the requirements for the imposition of a stay.

In the alternative, while the government does not agree or concede that Mrs. Kearney has raised "substantial issues on appeal" (DE  669 at p. 2) if the stay is granted as to 8 Valerie Place[2] the Court should order that Mrs. Kearney comply with certain conditions listed below to preserve the value of the property.  Mrs. Kearney has already agreed to provide the government with a monthly status report as to the payment of the mortgage, insurance and taxes.  See DE 669 at p. 2.  The status report should be submitted to both this office and the United States Marshals Service ("USMS") no later than the 15th of each month.  In addition to monthly status reports, the USMS requires a current inspection and an updated appraisal of 8 Valerie Place.  Further, in the event Mrs. Kearney fails to pay the monthly expenses or provide status reports, the government will require that she agree to vacate 8 Valerie Place within 10 days of failing to submit a monthly status report.  Finally, upon completion of the appeal, and provided this Court's decision dismissing Mrs. Kearney's third-party claim is affirmed, the government will require that Mrs. Kearney agree to vacate 8 Valerie Place within 10 days after the Second Circuit issues its decision.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By:    /s/Diane C. Leonardo
       Diane C. Leonardo
       Assistant U.S. Attorney
       (631) 715-7854

cc:    BY FEDEX
       Karen Kearney, Pro Se
       8 Valerie Place
       East Islip, New York 11730

---

[2] Other than the property at 8 Valerie Place, there have been no requests for the stay of any of the provisions of the final order of forfeiture.

3