

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

January 8, 2024

Honorable Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Michael Romano and William Kearney
      Criminal Docket No. 09-168 (S-1)(DLI)

Dear Judge Irizarry:

   The government respectfully submits this status letter in response to the Court's order dated November 27, 2023. The government respectfully submits that pursuant to Fed. R. Crim. P. 32.2, it is entitled to discovery, including requests for documents and interrogatories and depositions with regard to the outstanding third-party petitions. Counsel for Jeanne Romano has consented to a six-month period of discovery. <u>Pro</u> <u>se</u> petitioner Karen Kearney has not responded to the government's request.

   In relevant part, the Court of Appeals for the Second Circuit vacated dismissals, pursuant to Fed. R. Civ. P 12 (b)(6), of the third-party ancillary petitions filed by Jeanne Romano and Karen Kearney and remanded the matters, finding, in part, that "third-party petitions were dismissed prematurely." <u>United States v. Mosca</u>, 2023 U.S. App. LEXIS 27382, *3 (2d Cir., October 16, 2023). Specifically, the Second Circuit held that "[u]nder New York law, Karen Kearney plausibly asserted a claim that she had a property interest that was vested in her rather than the defendant." <u>Id</u>. at *5. Further, the Second Circuit directed that if "the district court determines that Jeanne Romano has standing, the district court must determine what interest Michael Romano had in the property under Florida law." <u>Id</u>. at *7.

   Based upon the foregoing, pursuant to Fed. R. Crim. P. 32.2, and in this Court's discretion, the Court should authorize the government to conduct all necessary discovery to resolve factual issues and to "identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure." <u>United States v. Weitzman</u>, 963 F. Supp. 2d 218, 222 9S.D.N.Y. 2013); <u>see also</u> <u>United States v. Daugerdas</u>, 892 F.3d 545, 552 (2d Cir. 2018)( The Court may "permit the parties to engage in discovery before holding a hearing on the merits of the petition, Rule 32.2(c)(1)(B)."); <u>United States v. Corey</u>, 2006 U.S. Dist. LEXIS 30658, *15-16 (D.Conn., May 9, 2006) (The

2

Court "may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.")

Accordingly, the government respectfully requests that the Court allow a period of discovery to be completed on or before July 8, 2024.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney

2